STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-21-16

DANIEL HARFOUSH,

      Petitioner,

v.

    ORDER

REC'D CUMB CLERKS OF
DEC 9 '21 PM3:19

MAINE DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

      Respondent.

Before the court is a Rule 80C appeal by Daniel Harfoush from a June 23, 2021 decision by the Commissioner of the Department of Health and Human Services (DHHS) upholding a finding that Mr. Harfoush had received a Level I substantiation for abuse or neglect of a person with a disability.

This case was the subject of a prior appeal, *Harfoush v. Maine Department of Health and Human Services,* AP-20-17 (Superior Court Cumberland), which resulted in a remand to the Commissioner by order dated May 18, 2021 and docketed May 20, 2021. That order sets forth the procedural history of the case.

On remand, the Commissioner has clarified that she has accepted the findings of fact numbered 1-39 in the Administrative Hearing Officer's recommended decision dated May 18, 2020 (Item J in the administrative record in AP-20-17), that she has rejected the finding of fact numbered 40, and that she has also rejected the analysis and conclusions of the administrative hearing officer and any factual findings contained in the hearing officer's analysis and

conclusions.[1] Specifically, the Commissioner rejects the administrative hearing officer's recommendation that the appeal should be resolved in favor of petitioner Danial Harfoush. She sustained the determination of the Adult Protective Services Unit (APS) of DHHS that Mr. Harfoush had knowingly and recklessly caused a threat to the health and welfare of an individual referred to in the record as "Mr. B" during the period from February 1 to March 12 of 2019.

As the court previously noted in its May 18 order, the Commissioner is entitled to depart from the recommendation of the hearing officer, and there is no requirement that the decision-maker in an administrative hearing hear or read all the testimony. *Green v. Commissioner of Mental Health,* 2001 ME 86 ¶¶ 14-15, 776 A.2d 612. The court concludes that the numbered findings 1-39 in the administrative hearing officer's recommended decision constitute substantial evidence to support the decision reached by the Commissioner in her June 23, 2021 decision on remand.

This is true even though there was sufficient contrary evidence to cause the administrative hearing officer to recommend a different result. The court cannot substitute its judgment for that of the agency and must affirm the agency's findings of fact if those findings are supported by substantial evidence in the record even if the record also contains inconsistent evidence or evidence contrary to the agency's decision. *Friends of Lincoln Lakes v. Board of Environmental Protection,* 2010 ME 18 ¶ 13, 989 A.2d 1128.

Counsel for Harfoush argues that in finding that Mr. Harfoush knowingly and recklessly caused a threat to the health and welfare of a disabled individual during the period from February 1 to March 12 of 2019, the Commissioner relied on evidence from an earlier time period. However,

---

[1] The analysis and conclusions of the administrative hearing officer are set for at pages 161-69 of the certified record ("CR") in AP-20-17.

the Commissioner was entitled to consider evidence from the period leading up to February 1, 2019 in determining that "there was no doubt as to [Mr. Harfoush's] understanding of the threat on February 1, 2019" and that Mr. Harfoush should have taken immediate action at that point. Commissioner's June 23, 2021 Decision After Remand (Certified Record in AP-21-16 at CR 11).

Counsel for Harfoush also argues that the Commissioner never addressed his "good-faith compliance" argument. This argument fails because good-faith compliance is a defense to civil actions for damages and to criminal charges for violating the rights of persons with intellectual disabilities or autism. 34-B M.R.S. §§ 5606(2)(B), 5606(3(B). It is not a defense to an administrative proceeding concerning a Level 1 substantiation for abuse or neglect.

The entry shall be:

The June 23, 2021 decision of the Commissioner of DHHS after remand, upholding the determination that petitioner Daniel Harfoush had knowingly and recklessly caused a threat to the health and welfare of an individual with a disability, is affirmed. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December_9_, 2021

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 12/13/21

Petitioner-Nelson Larkins, Esq.
Respondent-Shannon Collins, AAG

3